UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

KENNETH WILLIAMS,
Petitioner,

vs. Case No.: 3:26-cv-4257-TKW-ZCB

STATE OF FLORIDA,
Respondent.
_________________________________/

## REPORT AND RECOMMENDATION

Petitioner Kenneth Williams is a Florida state prisoner who seeks habeas relief under 28 U.S.C. § 2254. (Doc. 4). Because the amended § 2254 petition is a second or successive one, this Court lacks jurisdiction unless the petition was authorized by the Eleventh Circuit. There has been no such authorization. Accordingly, dismissal is warranted.

## I. Background

On June 5, 2007, Petitioner began serving a five-year term of probation for home invasion robbery. *See* Case No. 01-2001-CF-04373-A (Alachua Cnty. Cir. Ct.); *see also Williams v. Dixon*, No. 1:23cv233, 2024 WL 5286251, at *1 (N.D. Fla. Dec. 9, 2024),[1] *adopted*, 2025 WL 35052

[1] *See* Fed. R. Evid. 201(b)-(c); *see also McBride v. Sharpe*, 25 F.3d 962, 969 (11th Cir. 1994) (noting a district court may take judicial notice of its

(N.D. Fla. Jan. 6, 2025). On September 11, 2010, he was charged with violating his probation by using marijuana and changing his residence without his probation officer's consent. *Id.* Petitioner admitted the violations, and on December 17, 2010, he was sentenced to twenty years' imprisonment with jail credit of 652 days and credit for time previously served in the Department of Corrections. *Id.*

Petitioner admits that he previously filed a § 2254 petition in federal court challenging the same state court conviction. (Doc. 4 at 7-8). That petition was dismissed as untimely. *See Williams*, 2024 WL 5286251, at *1-3, *adopted*, 2025 WL 35052.

Because of this history, the Court ordered Petitioner to show cause as to why the current case should not be dismissed as an unauthorized second or successive § 2254 petition. (Doc. 6). The show cause deadline has passed, and Petitioner has not responded.

---

own records in habeas proceedings); *Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 651-52 (11th Cir. 2020) ("We take judicial notice of prior habeas proceedings brought by this appellant in connection with the same conviction. This includes state petitions, even when the prior case is not made part of the record on appeal." (cleaned up)); *Nute v. White*, 152 F.4th 1311, 1316 (11th Cir. 2025) (taking judicial notice of online state court records).

## II. Discussion

A United States District Court may not consider a second or successive § 2254 petition unless the petitioner has obtained authorization from the appropriate appellate court. *See* 28 U.S.C. § 2244(b)(3)(A); *see also* Rule 9, Rules Governing Section 2254 Cases in the United States District Courts. "Without this authorization, a district court lacks subject matter jurisdiction to consider the second or successive petition." *Jennings v. Sec'y, Fla. Dep't of Corr.*, 108 F.4th 1299, 1302 (11th Cir. 2024) (cleaned up), *cert. denied*, 145 S. Ct. 1472 (2025).

Here, Petitioner's first habeas petition challenged the same judgment of conviction and revocation order that he challenges in the current petition. The Court dismissed the first petition as untimely.[2] The instant habeas petition is a second or successive § 2254 petition challenging the same judgment and revocation of probation in Alachua County Circuit Court Case No. 01-2001-CF-04373-A. The Court, therefore, cannot entertain the arguments in the petition unless

[2] *See Faison v. Sec'y, Fla. Dep't of Corr.*, 806 F. App'x 938, 938 (11th Cir. 2020) ("Dismissal of a § 2254 petition as untimely constitutes a dismissal with prejudice on the merits for purposes of the bar against second or successive § 2254 petitions.").

Petitioner first received permission from the U.S. Court of Appeals for the Eleventh Circuit. He has not received such permission. Accordingly, this case should be dismissed for lack of jurisdiction. *See Bowles v. Sec'y, Fla. Dep't of Corr.*, 935 F.3d 1176, 1182 (11th Cir. 2019) (stating that a district court is "required to dismiss" for "lack of jurisdiction" a second or successive § 2254 petition that is filed without the appellate court's permission).

## III. Conclusion

For the reasons above, it is respectfully **RECOMMENDED** that:

1. Petitioner's amended § 2254 petition (Doc. 4) be **DISMISSED** because it is a second or successive petition that was filed without the Eleventh Circuit's permission.

2. The Clerk of Court be directed to enter judgment accordingly and close this case.[3]

[3] "Although generally appeals from § 2254 proceedings require a certificate of appealability (COA), no COA is necessary to appeal the dismissal for lack of subject matter jurisdiction of a successive habeas petition because such orders are not a final order in a habeas corpus proceeding." *Osbourne*, 968 F.3d at 1264 n.3 (cleaned up).

At Pensacola, Florida, this 11th day of August 2026.

/s/ Zachary C. Bolitho
Zachary C. Bolitho
United States Magistrate Judge

**Notice to the Parties**

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.